[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING PLAINTIFFS' SUBSTITUTED COMPLAINT
The plaintiffs have timely filed a substitute complaint, pursuant to Practice Book 157, following the granting of a motion to strike. The defendants object to the new complaint. Although there is no specific authority for such an objection in the rules of practice, the court accepts it in this case as in the nature of a request to revise, Practice Book 147. CT Page 2731
In their original complaint, plaintiffs Robert McQueeney, Raymond McQueeney and Ruth McQueeney claimed damages for the defendants' alleged negligence in rendering professional mental health services to Miles and Casey McQueeney, the minor children of Robert. The bases of the plaintiffs' claims were the alleged misdiagnosis by the defendants that Robert McQueeney had sexually molested Miles McQueeney, their report of that misdiagnosis to the police, and the subsequent criminal prosecution of Robert. These claims were set forth in the First, Third, Fourth, Sixth, Seventh, Ninth, Tenth, and Twelfth Counts of the original complaint. This court (Koletsky, J.) granted the defendants' motion to strike those counts on the basis that the defendants are not liable to third parties for negligence in the professional treatment they rendered to the minor plaintiffs.
The first objection that the defendants make with respect to the substitute complaint is that the plaintiffs have not deleted the striken counts. Instead, they have replaced the allegations of each of those counts with a statement to the effect that they are preserving their rights to appeal the court's decision on the motion to strike. This procedure is plainly incorrect. Practice Book 4002 sets forth the procedure for reserving appellate rights and the plaintiffs are directed to the provisions of that section for guidance. Furthermore, the statements reserving appellate rights are by no means "concise statement(s) of facts constituting (a) cause of action" as required by Practice Book 131. The defendants' objection in this regard is sustained, and the plaintiffs are ordered to revise the substitute complaint by deleting the counts in question and renumbering the remaining counts.
The second objection that the defendants make with respect to the substitute complaint is that the plaintiffs have added counts alleging that the defendants' conduct constituted breach of contract, negligent and intentional infliction of emotional distress, and malicious prosecution. These are new allegations, and the defendants argue that it is improper to include them in the substitute complaint, which, they assert, is to be used only to correct the defects which were the subject of the motion to strike. The defendants' position in this regard is too puristic. The motion to strike was granted without a written decision, but it was apparently based on the general proposition that the complaint did not set forth claims for which relief could legally be granted to the adult plaintiffs. See Practice Book 152(1). The new counts, which allege new theories of recovery, are responsive to that general defect in that they do allege claims upon which relief could be granted. CT Page 2732
Unquestionably, the new counts arise from the same general fact pattern which was set forth in the original complaint. The only new fact alleged is that the plaintiff Robert McQueeney was tried and acquitted of criminal charges of sexually molesting the minor plaintiff. This allegation is essential to the claim of malicious prosecution. In summary, the court views the substitute complaint as a new pleading which corrects the defects in the original by setting forth claims which, if proved, could afford a basis for recovery. The plaintiffs are entitled to make such claims in response to the motion to strike. In this regard, therefore, the defendants' objection is overruled.
In view of the court's ruling on the objection to the substitute complaint, the plaintiffs' claim of malicious prosecution is now a part of the complaint. The plaintiffs concede that the defendants therefore have a right to disclosure of the court records relating to the arrest and prosecution of Robert McQueeney. The defendants' motion in that regard is granted.
MALONEY, J.